1  David P. Morales, Esq., SBN 191229
   THE MORALES LAW FIRM
2  560 S. Winchester Blvd., Suite 500
   San Jose, CA 95128
3  Telephone: (408) 850-2101
   Facsimile: (866) 406-6080
4  E-Mail: dmorales@moraleslawfirm.com

5  Attorneys for Plaintiffs ALLIANCE FOR
   MULTILINGUAL MULTICULTURAL EDUCATION,
6  a New Mexico nonprofit corporation;
   ALLIANCE FOR MULTILINGUAL MULTICULTURAL
7  EDUCATION, a Florida nonprofit corporation, and
   BARBARA FLORES.

8

9

10                    UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 ALLIANCE FOR MULTILINGUAL            Civil Action No.:
13 MULTICULTURAL EDUCATION, a New
   Mexico nonprofit corporation; ALLIANCE   COMPLAINT FOR INJUNCTIVE RELIEF,
14 FOR MULTILINGUAL MULTICULTURAL       DAMAGES, AND RESTITUTION
   EDUCATION, a Florida nonprofit corporation,
15 and BARBARA FLORES,                   1) False Advertising, Misrepresentation
                                            & Unfair Competition
16              Plaintiffs,              2) Trademark Infringement
                                         3) Cyberpiracy
17      vs.                              4) State Unfair Competition;
                                         5) State False Advertising;
18 JORGE GARCIA, an individual; PAUL     6) State Trademark Infringement;
   MARTINEZ, an individual; DAVID BRISENO, 7) State Cyberpiracy;
19 an individual; and ELENA IZQUIERDO, an   8) State Fraud, Deceit and
   individual; and DOES 1 through 50, inclusive,    Misrepresentation;
20                                       9) Tortious Interference;
                                         10) Defamation;
21              Defendants.              11) Trade Libel;
                                         12) Conversion;
22                                       13) Constructive Trust;
                                         14) Unjust Enrichment;
23                                       15) Breach of Director's Duties to
                                            Nonprofit Corporation; and
24                                       16) Conspiracy.
25                                       DEMAND FOR JURY TRIAL
26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION

**CV 11 - 00215 EMC**

1

**COMPLAINT**

2       1.    Plaintiffs ALLIANCE FOR MULTILINGUAL MULTICULTURAL

3   EDUCATION, a New Mexico nonprofit corporation, ("NM AMME"), ALLIANCE FOR

4   MULTILINGUAL MULTICULTURAL EDUCATION, a Florida nonprofit corporation, ("FL

5   AMME"), and BARBARA FLORES, in her individual and official capacities, ("Flores"),

6   (collectively, "AMME" or "Plaintiffs") bring this civil action against JORGE GARCIA

7   ("Garcia"), PAUL MARTINEZ ("Martinez"), DAVID BRISENO ("Briseno"), and ELENA

8   IZQUIERDO ("Izquierdo"), all individuals; and the unnamed Does 1 through 50 inclusive,

9   (collectively, "Defendants"). Plaintiffs demand a jury trial, and allege as follows:

10   <u>JURISDICTION & VENUE</u>

11       2.    This is a civil action seeking damages and injunctive relief due to Defendants'

12   continuing intentional false advertising, misrepresentation, unfair competition, palming off, and

13   infringement of Plaintiffs' marks, i.e., ALLIANCE FOR MULTILINGUAL

14   MULTICULTURAL EDUCATION, AMME, related globe and other logos, as well as its

15   domain name, WWW.AMMEGLOBAL.ORG, (collectively, "Plaintiff's Marks"), all in violation

16   of the Lanham Act and state law. Plaintiffs further seek damages and injunctive relief due to

17   Defendants' fraud and misrepresentation concerning their authority to act on behalf of NM

18   AMME, for tortiously interfering with AMME's ongoing charitable activities, and for intentional

19   disparagement of one or more Plaintiffs. Plaintiffs further seek damages due to the

20   embezzlement of NM AMME funds, and/or self-enrichment, of Defendants Martinez, Briseno

21   and Izquierdo while formerly members of the NM AMME board of directors, as well as

22   Defendants' intentionally directing AMME's 2011 Conference revenues to themselves.

23   Plaintiffs further seek damages due to the failure of Defendants Martinez, Briseno and Izquierdo

24   to properly perform their duties while formerly members of the NM AMME board of directors.

25   Plaintiffs further seek damages for unfair business practices, unjust enrichment, constructive

26   trust, conversion, and conspiracy. Plaintiffs seek, *inter alia*, preliminary and permanent

27   injunctive relief, as well as full restitution, compensatory, consequential, punitive damages

28   and/or extraordinary remedies under 15 U.S.C. §1117, an account of profits, and disgorgement of

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

1   all profits, and revenues obtained as a result of Defendants' unlawful conduct.

2          3.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121 (West

3   2011), 28 U.S.C. §§1331 (federal question), 1338 (trademark and unfair competition) and 1367

4   (supplemental jurisdiction) (West 2011).  The issues in this dispute generally involve matters of

5   federal law under the Lanham Act (Title 15 of the United States Code), namely, false

6   advertising, misrepresentation, unfair competition, trademark infringement, and cyberpiracy, as

7   well as related state-law claims.

8          4.     This Court has personal jurisdiction over the Defendants because they have

9   solicited or conducted business in this forum, they have directed communications to persons in

10  this forum, including, without limitation, defamatory e-mails, as well as other defamatory

11  publications, Defendants' wrongful conduct has harmed Plaintiffs in this forum, and Defendants

12  Website (defined below) is hosted in California.

13         5.     Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) (West 2011).

14  A substantial part of the events or omissions giving rise to these claims occurred in this district.

15                         INTRA-DISTRICT ASSIGNMENT

16         6.     Pursuant to Local Rule 3-2(c), this is an intellectual property action which may

17  be assigned on a district-wide basis.

18                                  PARTIES

19         7.     Plaintiff NM AMME is a New Mexico nonprofit corporation, no. 4145892,

20  established on March 18, 2009.

21         8.     Plaintiff FL AMME is a Florida nonprofit corporation, no. 4145892, established

22  on August 31, 2010.

23         9.     DR. BARBARA FLORES, is a resident of California, and is President of the NM

24  AMME board of directors, and President of the FL AMME board of directors.

25         10.    On information and belief, defendant JORGE GARCIA is a resident of Colorado.

26         11.    On information and belief, defendant PAUL MARTINEZ is a resident of New

27  Mexico, and was formerly Vice-President of the NM AMME board of directors prior to his

28  written resignation on July 28, 2010.

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**
- 3 -

1    12.    On information and belief, defendant DAVID BRISENO is a resident of New
2    Mexico, and was formerly Treasurer of the NM AMME board of directors prior to his written
3    resignation on June 14, 2010.

4    13.    On information and belief, defendant ELENA IZQUIERDO is a resident of
5    Texas, and was formerly Secretary of the NM AMME board of directors who ceased attending
6    NM AMME's board meetings after May 2010.

7    14.    Plaintiffs do not know the true names of defendants Does 1 through 50, inclusive,
8    and therefore sue them by those fictitious names. Plaintiffs will amend this Complaint to allege
9    their true names and capacities when they have been ascertained. Each defendant sued herein
10   (collectively, "Defendants") was acting as the agent or employee of each of the other defendants,
11   and in doing the acts alleged herein, was acting within the course and scope of such agency
12   and/or employment, and/or authorized, ratified, aided, abetted, cooperated with, and/or conspired
13   with one another to do the acts alleged herein.

14                            STATEMENT OF FACTS

15   15.    Plaintiff NM AMME was established on March 18, 2009, for the purpose of
16   promoting equity and excellence through education. As of May 2010, its six-member board of
17   directors included: Barbara Flores (President), Paul Martinez (Vice-President), Elena Izquierdo
18   (Secretary), David Briseno (Treasurer), Christine Sims, and Quan Cao ("Cao"). NM AMME
19   held its board meetings approximately monthly.

20   16.    As NM AMME Vice-President, defendant Martinez agreed to assist the
21   organization by creating trademarks for its use. Defendant Martinez subsequently delivered
22   certain globe marks to NM AMME and authorized NM AMME to use those marks (the "Subject
23   Marks"). NM AMME then began using, and continued to use, the Subject Marks on its Internet
24   website, in conference advertising and materials, as well as in its correspondence. The Subject
25   Marks have since become part of the trademark dispute in this action.

26   17.    On information and belief, defendant Martinez caused the Subject Marks to be
27   created by incorporating the copyrightable works of third parties into the Subject Marks. Thus, it
28   appears Martinez did not obtain the necessary permissions to incorporate those copyrightable

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION
- 4 -

1  works of third parties into the Subject Marks that he provided to NM AMME for its use.

2  Accordingly, defendant Martinez may have recklessly exposed NM AMME to potential

3  copyright infringement liability, including significant statutory damages, attorney fee and cost

4  liability due to the unauthorized creation of such derivative works.

5      18.    On information and belief, defendant Martinez did not, himself, create the Subject

6  Marks that he gave to NM AMME for its use.  On information and belief, the Subject Marks

7  were actually created by Adrian Sandoval ("Sandoval"), a subordinate of defendant Martinez at

8  Martinez' place of employment, the New Mexico Highlands University ("NMHU").

9  Accordingly, the copyright in the Subject Marks may be held by Sandoval or by NMHU itself --

10  and not by defendant Martinez who gave the Subject Marks to NM AMME for its use.  Thus,

11  Martinez may not have had the authority to grant NM AMME permission to use the Subject

12  Marks, once again recklessly exposing NM AMME to potential copyright infringement liability.

13      19.    As NM AMME Treasurer, defendant Briseno was responsible for maintaining the

14  organization's post office box.  In or about July 2009, defendant Briseno failed to pay the rental

15  fee for the organization's post office box, causing it to be closed by the post office.

16      20.    As NM AMME Treasurer, defendant Briseno was responsible for managing the

17  organization's finances and for handling its corporate and tax filings.  Shortly after formation of

18  NM AMME, defendant Briseno was responsible for obtaining an employer identification number

19  ("EIN") on behalf of NM AMME.  Defendant Briseno failed to obtain an EIN for NM AMME.

20      21.    As NM AMME Treasurer, defendant Briseno was responsible for maintaining the

21  organization in good standing with the New Mexico Secretary of State, and with federal and state

22  tax authorities.  Defendant Briseno failed to submit necessary documents and fees to the New

23  Mexico Secretary of State on behalf of NM AMME, as required in order to maintain the

24  organization in good standing.  As a result, on July 30, 2009, the New Mexico Secretary of State

25  issued a Certificate of Revocation revoking NM AMME, just four (4) months after it was

26  established.  Defendant Briseno inexplicably kept this revocation of NM AMME a secret from

27  the NM AMME organization and from its board of directors.  In addition to hiding this problem,

28  defendant Briseno failed to promptly take the actions necessary to reinstate NM AMME's

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

1    corporate status.

2        22.    Without knowledge of its revocation, in May 2010, NM AMME held the first
3    conference for multilingual and multicultural education ("2010 AMME Conference"), which was
4    extremely successful and attended by almost 500 registrants.

5        23.    As NM AMME Treasurer, defendant Briseno was responsible for handling the
6    revenues and expenses for the 2010 AMME Conference.  Defendant Briseno failed to pay the
7    expenses of the 2010 AMME Conference.  Despite repeated requests from the NM AMME
8    board of directors, defendant Briseno failed to provide an accounting to NM AMME concerning
9    the 2010 AMME Conference registrations, revenues, and expenses.

10        24.    In June 2010, defendants Martinez, Briseno and Izquierdo each failed to attend
11    the scheduled NM AMME board meeting.

12        25.    Under increasing pressure from NM AMME directors Flores and Cao to prepare
13    proper accountings to NM AMME for all 2010 AMME Conference expenses and revenues, on
14    June 11, 2010, Briseno submitted his written resignation from the NM AMME board of
15    directors.  *See* **Exhibit "A."**  After his resignation, defendant Briseno failed to promptly deliver
16    NM AMME's remaining funds to NM AMME to deposit into its new bank account.  Defendant
17    Briseno commingled NM AMME funds with those of the New Mexico Association for Bilingual
18    Education ("NMABE"), for which he serves as executive director.  To date, defendant Briseno
19    has not provided NM AMME with the required 2010 AMME Conference accounting.

20        26.    In or about July 2010, NM AMME conducted its own investigation into the 2010
21    AMME Conference revenues and expenses.  NM AMME discovered that the 2010 AMME
22    Conference revenues deposited by Briseno appeared to be substantially less than the revenue that
23    should have been received according to the 2010 AMME Conference paid registration records.
24    Thus, on information and belief, defendant Briseno appears to have retained possession of a
25    significant portion of the 2010 AMME Conference revenues, and he failed to deliver those
26    revenues to NM AMME's bank account as he was obligated to do.  By this action, Plaintiffs
27    continue to seek proper accounting information from defendant Briseno.

28        27.    Plaintiffs Flores and Cao negotiated a significant financial contribution from a

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

private donor to NM AMME. NM AMME later discovered that defendants Martinez and Izquierdo used their official positions on the board of directors of NM AMME to solicit and to receive side payments of approximately $5,000 each from that private donor for their personal benefit. At no time did NM AMME authorize defendants Martinez and Izquierdo to solicit side payments from NM AMME's donors for their personal benefit.

28.    Following the May 2010 conference, Flores and Cao began planning the organization's 2011 AMME Conference.

29.    In July 2010, defendants Martinez and Izquierdo failed to attend the scheduled NM AMME board meeting.

30.    On July 28, 2010, plaintiff Flores admonished defendants Martinez and Izquierdo for their failure to attend the June and July 2010 board meetings. Plaintiff Flores requested that Martinez and Izquierdo attend the August 2010 board meeting.

31.    On July 28, 2010, defendant Martinez responded with his written resignation from the NM AMME board of directors. *See* **Exhibit "B."**

32.    In July 2010, plaintiff Flores and board member Cao successfully obtained valuable contracts and funding commitments for AMME. On information and belief, Defendants later learned of this success and the resulting potential for AMME to receive significant revenues.

33.    As a result of AMME's continuing efforts, the Council of Chief of State Schools ("CCSCO") invited NM AMME to co-convene a conference on Common Core Standards for Education, and a partnership proposal was submitted to the National Education Association ("NEA"). In preparation for this proposed partnership, in August 2010, NM AMME held a strategic planning meeting in San Antonio, Texas. As NM AMME directors, plaintiff Flores and director Cao organized this strategic planning meeting and were the only NM AMME directors to attend. Defendant Izquierdo failed to attend this strategic planning meeting.

34.    In addition to not attending the above strategic planning meeting, in August 2010, defendant Izquierdo also failed to attend NM AMME's board meeting for the third month in a row. Defendant Izquierdo ceased communicating with NM AMME entirely, and it appeared to

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

1  NM AMME that she had also withdrawn from the NM AMME board of directors.

2      35.    In or about August 2010, Christine Sims resigned from the NM AMME board of

3  directors due to personal reasons.

4      36.    As of August 2010, it appeared that only plaintiffs Flores and Cao remained as

5  directors of NM AMME.   Throughout this period, Flores and Cao continued planning the

6  organization's 2011 AMME Conference, without any assistance from any Defendants.

7      37.    In August 2010, plaintiff Flores contacted the office of the New Mexico Secretary

8  of State, and was shockingly informed that NM AMME "no longer existed."   Flores was

9  unaware, and the Secretary of State's Office did not inform her, that NM AMME could be

10  reinstated by filing the necessary documents, and by payment of the required fees and penalties.

11      38.    Despite the withdrawals of Briseno, Martinez and Izquierdo from NM AMME's

12  board of directors, AMME still intended to continue its ongoing charitable activities promoting

13  equity and excellence through multilingual, multicultural education.

14      39.    Since AMME no longer had any board members in New Mexico, and because

15  NM AMME reportedly "no longer existed" in that state, Flores and Cao decided to continue

16  AMME's work and to reestablish the organization in Florida, where board member Cao resides.

17  Accordingly, FL AMME was established in Florida on August 31, 2010 in order to continue

18  AMME's work, and AMME continued planning its 2011 AMME Conference.

19      40.    In preparation for its 2011 AMME Conference, FL AMME entered into venue

20  and hotel contracts with the San Antonio Convention Center and the Hilton Palacio del Rio Hotel

21  ("Hotel"), and continued developing and advertising the program for its planned 2011 AMME

22  Conference in Texas.

23      41.    On information and belief, after learning of Flores' and Cao's success in

24  obtaining significant revenues for AMME, on September 21, 2010, Defendants, secretly and

25  without notifying Plaintiffs, filed the document(s) necessary to reinstate NM AMME, and paid

26  the fees and penalties required to reinstate NM AMME with the New Mexico Secretary of

27  State's Office.

28      42.    Since approximately June 2009, AMME has continuously used its domain name,

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**
- 8 -

1  WWW.AMMEGLOBAL.ORG ("Plaintiffs' Domain Name"), to promote its goods and services,

2  including its annual conferences, through its Internet website ("Plaintiffs' Website") located at

3  that domain name. AMME has continuously used its Marks, including the Subject Marks, in

4  commerce on its Internet website and elsewhere.

5        43.    On information and belief, on August 9, 2010, Defendants secretly registered the

6  confusingly-similar domain name WWW.AMMEGLOBE.COM ("Defendants' Domain Name"),

7  and subsequently posted an Internet website at that address claiming to be AMME ("Defendants'

8  Website"). *See* **Exhibit "C."** Defendants' Domain Name and Defendants' Website are hosted

9  in California by DreamHost. *See* **Exhibit "D."** The actual registrant for Defendants' Domain

10  Name and Defendants' Website appear to be secret, however, the content of Defendants'

11  Website clearly indicates that Defendants are responsible for its posting.

12        44.    Defendants' Website unlawfully incorporates Plaintiffs' Marks. *See* **Exhibit**

13  **"C."**

14        45.    Defendants' Website disparages Plaintiffs by claiming that AMME's identity was

15  stolen by Plaintiffs, including by AMME's President, Dr. Flores. *See* **Exhibit "E."**

16        46.    On October 14, 2010, defendant Briseno notified plaintiff Flores that Briseno had

17  decided to unilaterally reinstate his position on the NM AMME board of directors by

18  "rescinding" his resignation of June 14 2010. On October 14, 2010, plaintiff Flores reminded

19  Briseno that his resignation was accepted four (4) months earlier, and that he had no authority to

20  unilaterally reinstate his position on the NM AMME board of directors.

21        47.    On October 14, 2010, defendant Martinez notified plaintiff Flores that Martinez

22  had reinstated NM AMME, and that he also decided to unilaterally reinstate his position on the

23  NM AMME board of directors by "rescinding" his resignation of July 28, 2010. On October 14,

24  2010, plaintiff Flores reminded Martinez that his resignation was accepted three (3) months

25  earlier, and that he had no authority to unilaterally reinstate his position on the NM AMME

26  board of directors.

27        48.    Defendants each now claim to be directors of NM AMME, and to have the

28  authority to act on behalf of NM AMME. Defendants Martinez, Briseno, and Izquierdo have

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

1   attempted to add individuals to the NM AMME board of directors, who also claim to have
2   authority to act on behalf NM AMME.  Plaintiffs sue such unidentified individuals claiming to
3   be directors, or claiming to in any way be acting on behalf of NM AMME as Doe defendants in
4   this action.

5       49.   Defendants have repeatedly and intentionally attempted to interfere with
6   AMME's charitable activities.

7       50.   Defendants are advertising on Defendants' Website their own 2011 "AMME
8   Conference" in direct competition with Plaintiff's 2011 AMME Conference -- to be held in the
9   same city and on the same dates.  Defendants' Website advertises online registration for
10  participants and lists several collaborating or co-sponsoring organizations that are, or were,
11  collaborators or co-sponsors of Plaintiff's own 2011 AMME Conference.  Defendants also invite
12  registrants to reserve accommodations at a different hotel than the Hotel previously contracted
13  by Plaintiffs for their 2011 AMME Conference.

14      51.   On October 20, 2010, Defendants, secretly and without authority, filed Articles of
15  Dissolution with the Florida Secretary of State in order to dissolve FL AMME, thereby
16  interfering with the lawful activities of Plaintiffs.  Plaintiffs were forced to prepare and file
17  Articles of Revocation of Dissolution in order to reverse Defendants' wrongful actions, and to
18  reinstate FL AMME.

19      52.   As AMME's Texas affiliate, the San Antonio Association for Bilingual Education
20  ("SAABE") had agreed to assist AMME with its 2011 AMME Conference in San Antonio.  On
21  information and belief, Defendants contacted SAABE, disparaged Plaintiffs, and caused SAABE
22  to withdraw its support for Plaintiffs' 2011 AMME Conference in San Antonio.  SAABE now
23  appears to be supporting Defendants' competing conference in the same city and on the same
24  dates.

25      53.   Defendants have, secretly and without authority, redirected revenue intended for
26  Plaintiffs' own 2011 AMME Conference from Plaintiffs to themselves.

27      54.   Defendants have, secretly and without authority, attempted to collect AMME's
28  grant monies.

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**
- 10 -

55.     On November 4, 2010, defendant Garcia wrote to the Sales Manager of Plaintiffs' 2011 AMME Conference hotel, the Hilton Palacio del Rio Hotel, ("Hotel," as defined above), falsely claiming that he was a member of the AMME board of directors, disparaging plaintiff Flores, allegedly notifying the Hotel that plaintiff Flores was not authorized to contract with the Hotel to provide accommodations for the 2011 AMME Conference, and advising the Hotel to consult with its attorney concerning its potential liability.  Defendants' subsequently continued their ominous communications with the Hotel, further jeopardizing Plaintiffs' 2011 AMME Conference arrangements.

56.     On our about November 19, 2010, Defendants attempted to prevent the Hotel from communicating with Plaintiffs, and demanded that it communicate only through Defendants' "appointed representative," and that the Hotel send all correspondence to Defendants' own address.

57.     On November 11, 2010, Defendants contacted the organization managing AMME's 2011 Conference, The Ascension Management Group, and disparaged plaintiff Flores. Defendants threatened The Ascension Management Group with serious legal liability for trademark infringement and fraud due to their relationship with Plaintiffs.

58.     On November 13, 2010, Defendants contacted FL AMME director, Dr. Pedro R. Portes, disparaging plaintiff Flores, and threatening Dr. Portes with serious legal liability due to his relationship with Plaintiffs.

59.     On November 13, 2010, Defendants contacted FL AMME director, Dr. Zenaida Aguirre-Munoz, disparaging plaintiff Flores, and threatening Dr. Aguirre-Munoz with serious legal liability due to her relationship with Plaintiffs.  As a result of Defendants' threats, Dr. Aguirre-Munoz resigned from the organization.

60.     On November 14, 2010, Defendants contacted AMME's webmaster, Ms. Delia Clark of The PIE Group, threatening Ms. Clark and The PIE Group with serious legal liability for trademark infringement and fraud.  Defendants subsequently continued to contact AMME's webmaster in a continuing effort to interfere with AMME's contractual relations, as well as with AMME's Internet website.

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**
- 11 -

61.    On November 15, 2010, Defendants again contacted AMME's webmaster, Ms. Delia Clark of The PIE Group, disparaging plaintiff Flores, and threatening Ms. Clark and The PIE Group with serious legal liability due to their relationship with Plaintiffs.

62.    On November 19, 2010, Defendants illegally, and without authority, attempted to remove Flores and Cao from the NM AMME board of directors.

63.    Defendants have sent threatening letters to Plaintiffs demanding that they cease and desist all activities on behalf of AMME, including activities related to planning, promoting, and hosting the 2011 AMME Conference.

64.    Defendants continue to use the name "Alliance for Multilingual Multicultural Education," "AMME," and other marks that are confusingly-similar to Plaintiffs' Marks without the authority to do so.

65.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered great mental, physical, and/or nervous pain and suffering, as well as significant financial damages.  Plaintiffs' damages were reasonably foreseeable.

### FIRST CAUSE OF ACTION
***False Advertising, Misrepresentation & Unfair Competition***
*(Lanham Act Violations – 15 U.S.C. §1125(a) et seq.)*

66.    Plaintiffs hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Complaint.

67.    Defendants made misrepresentations in commercial advertising or promotion concerning goods, services, or commercial activities.

68.    Defendants' misrepresentations and false advertising actually deceived or tended to deceive their recipients and the public.

69.    Defendants' misrepresentations and false advertising are likely to influence the purchasing decisions of their recipients and the public.

70.    Defendants' misrepresentations and false advertising are in direct competition with Plaintiff AMME.

71.    Defendants are attempting to "palm off" their goods and services as those of

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

1  Plaintiffs, and they are attempting to misrepresent Plaintiffs' goods and services as those of

2  Defendants.

3       72.    Defendants' unlawful actions alleged herein were made in commerce.

4       73.    Defendants' unlawful actions injured, or are likely to injure, Plaintiffs in an

5  amount exceeding the minimum jurisdictional requirements of this Court.

6       74.    As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have

7  suffered and will continue to suffer irreparable injury.

8       75.    The aforementioned wrongful acts of Defendants were willful, wanton and

9  malicious, and were undertaken with the intent to injure Plaintiffs, and, further, with a knowing

10 and intentional disregard for Plaintiffs' legal rights and with the intention of depriving Plaintiffs

11 of property, legal rights or otherwise causing injury and was despicable conduct that subjected

12 Plaintiffs to cruel and unjust hardship, so as to justify an award of exemplary and punitive

13 damages.

**SECOND CAUSE OF ACTION**
*Trademark Infringement*
*(Lanham Act Violations – 15 U.S.C. §1051 et seq.)*

14

15

16       76.    Plaintiffs hereby repeat and re-allege each and every allegation contained in

17 paragraphs 1 through the immediately preceding paragraph of this Complaint.

18       77.    One or more Plaintiffs own Plaintiffs' Marks.

19       78.    Plaintiffs' Marks are distinctive and have been used in commerce.

20       79.    Defendants are using marks similar to Plaintiffs' Marks, which are likely to cause

21 confusion among consumers and the public as to the source of the parties' respective goods and

22 services.

23       80.    Defendants' acts infringe the trademark rights of one or more Plaintiffs, and were

24 committed with the intent to with the intent to cause confusion, mistake and to deceive

25       81.    As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have

26 suffered and will continue to suffer irreparable injury.

27       82.    The aforementioned wrongful acts of Defendants constituted intentional wrongful

28

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

conduct with the intention on the part of Defendants of thereby depriving Plaintiffs of property, legal rights or otherwise causing injury and was despicable conduct that subjected Plaintiffs to cruel and unjust hardship and conscious disregard of their rights, so as to justify an award of exemplary and punitive damages.

### THIRD CAUSE OF ACTION
#### *Cyberpiracy*
#### *(Lanham Act Violations – 15 U.S.C. §1025(d) et seq.)*

83.    Plaintiffs hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Complaint.

84.    Defendants registered, traffic in, or use one or more domain names that are identical, confusingly-similar, or dilutive to Plaintiff's distinctive Marks.

85.    Defendants have, or had, a bad-faith intent to profit from Plaintiffs' Marks.

86.    Plaintiffs' Marks are distinctive and have been used in commerce.

87.    The aforementioned wrongful acts of Defendants constituted intentional wrongful conduct with the intention on the part of Defendants of thereby depriving Plaintiffs of property, legal rights or otherwise causing injury and was despicable conduct that subjected Plaintiffs to cruel and unjust hardship and conscious disregard of their rights, so as to justify an award of exemplary and punitive damages.

### FOURTH CAUSE OF ACTION
#### *State Unfair Competition*
#### *(Cal. Bus. & Prof. Code §§17200 et seq.)*

88.    Plaintiffs hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Complaint.

89.    Defendants' wrongful acts as described herein constitute unlawful, unfair, and/or fraudulent business practices in violation of Section 17200 et seq. of the California Business and Professions Code and California common law, including, without limitation, "palming off" pursuant to *American Philatelic Society v. Claiborne*, 3 Cal.2d 689 (1935).

90.    As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and will continue to suffer substantial pecuniary losses and irreparable injury.  As such,

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**
- 14 -

a remedy at law is not adequate to compensate for injuries inflicted by Defendants.  Accordingly, Plaintiffs are entitled to temporary, preliminary and permanent injunctive relief.

91.    As a proximate result thereof, Plaintiffs have been damaged in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

## FIFTH CAUSE OF ACTION
### State False Advertising
#### (Cal. Bus. & Prof. Code §§17500 et seq.)

92.    Plaintiffs hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Complaint.

93.    Defendants' wrongful acts as described herein and publicly disseminated constitute false or misleading advertising which Defendants knew, or should have known, to be untrue or misleading in violation of Section 17500 *et seq.* of the California Business and Professions Code and California common law, including, without limitation, pursuant to *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 210 (1983).

94.    As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and will continue to suffer substantial pecuniary losses and irreparable injury.  As such, a remedy at law is not adequate to compensate for injuries inflicted by Defendants.  Accordingly, Plaintiffs are entitled to temporary, preliminary and permanent injunctive relief.

95.    As a proximate result thereof, Plaintiffs have been damaged in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

## SIXTH CAUSE OF ACTION
### State Trademark Infringement
#### (Cal. Bus. & Prof. Code §§14200 et seq.)

96.    Plaintiffs hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Complaint.

97.    Defendants' wrongful acts as described herein constitute trademark infringement in violation of Section 14200 *et seq.* of the California Business and Professions Code and California common law, including, without limitation, trade name infringement pursuant to *Sunset House Distributing Corp. v. Coffee Dan's, Inc.*, 240 Cal.App.2d 748 (1966).

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

98.    As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and will continue to suffer substantial pecuniary losses and irreparable injury. As such, a remedy at law is not adequate to compensate for injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to temporary, preliminary and permanent injunctive relief.

99.    As a proximate result thereof, Plaintiffs have been damaged in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

### SEVENTH CAUSE OF ACTION
### *State Cyberpiracy*
### *(Cal. Bus. & Prof. Code §§17525 et seq.)*

100.    Plaintiffs hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Complaint.

101.    As a proximate result thereof, Plaintiffs have been damaged in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

### EIGHTH CAUSE OF ACTION
### *State Fraud, Deceit and Misrepresentation*
### *(Civ. Code §§1572, et seq., §§1710, et seq.)*

102.    Plaintiffs hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Complaint.

103.    Defendants falsely represented to government entities, AMME's affiliates and vendors, and the public (collectively, the "Public") that they represent, and have the authority to act on behalf of, AMME. Defendants have concealed from the Public the fact that defendants Briseno and Martinez each resigned from the NM AMME board of directors in June and July 2010, respectively, and that Defendants had no authority to reinstate NM AMME after its revocation, or to install Briseno, Martinez or any other individuals to the NM AMME board of directors. Defendants falsely represented to the Public that one or more Plaintiffs stole AMME's identity and were otherwise acting illegally. Defendants made these material misrepresentations, when they knew, or should have known, them to be false or misleading, with the intention to deceive the Public, and to harm Plaintiffs. The Public was ignorant of the falsity of Defendants' representations at the time those representations were made by Defendants, and believed them to

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

1  be true. In reliance on those representations the Public was induced to take actions harmful to

2  Plaintiffs. Had the Public known the actual facts, they would not have taken such actions. The

3  Public's reliance on Defendants' representations was justified because Defendants affirmatively

4  misled the Public.

5      104.  In the event Defendants lacked actual fraudulent intent, they committed

6  constructive fraud by the above misrepresentations, and gaining an advantage by misleading the

7  Public, and prejudicing Plaintiffs and the Public in clear violation of California law.

8      105.  As a proximate result thereof, Plaintiffs have been damaged in an amount to be

9  proven at trial, but not less than the jurisdictional minimum of this Court.

10     106.  The aforementioned conduct constituted misrepresentations, deceit and/or

11 concealment of material facts known to Defendants, with the intention on the part of Defendants

12 of thereby depriving Plaintiffs of property, legal rights or otherwise causing injury and was

13 despicable conduct that subjected Plaintiffs to cruel and unjust hardship and conscious disregard

14 of their rights, so as to justify an award of exemplary and punitive damages.

15                          **NINTH CAUSE OF ACTION**
                *Tortious Interference with Contractual Relations*
16                *And with Prospective Economic Advantage*
                  *(Cal. Bus. & Prof. Code §§17525 et seq.)*
17

18     107.  Plaintiffs hereby repeat and re-allege each and every allegation contained in

19 paragraphs 1 through the immediately preceding paragraph of this Complaint.

20     108.  Defendants willfully and deliberately committed the wrongful acts alleged herein

21 with the intent to interfere with the contractual relations between AMME and its affiliates,

22 partners, customers, suppliers, and the Public.

23     109.  Defendants had a duty of care to refrain from interfering with AMME's

24 contractual relations, and Defendants failed to take ordinary precautions to avoid interfering with

25 AMME's contractual relations.

26     110.  Defendants willfully and deliberately committed the wrongful acts alleged herein

27 with the intent to harm AMME financially and to induce AMME's existing affiliates, partners,

28 customers, and suppliers, as well as prospective affiliates, partners, customers, and suppliers, to

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

1    sever their present and prospective business relationships with AMME in favor of Defendants.

2        111.   Defendants had a duty of care to refrain from interfering with AMME's

3    prospective economic advantages, and Defendants failed to take ordinary precautions to avoid

4    interfering with AMME's prospective economic advantages.

5        112.   As a proximate result thereof, Plaintiffs have been damaged in an amount to be

6    proven at trial, but not less than the jurisdictional minimum of this Court.

7    **TENTH CAUSE OF ACTION**<br>*Defamation – Libel & Slander*

8    *(Cal. Civ. Code §§45, 46, et. seq.)*

9        113.   Plaintiffs hereby repeat and re-allege each and every allegation contained in

10   paragraphs 1 through the immediately preceding paragraph of this Complaint.

11       114.   Defendants published in writing and orally false and defamatory statements

12   regarding Plaintiffs and knew that such statements were false at the time they were made.

13   Defendant's statements have exposed Plaintiffs to hatred, contempt, ridicule, or disgrace, or

14   which caused Plaintiffs to be shunned, avoided, or to injure Plaintiffs in their occupations. The

15   statements charged or imputed that one or more Plaintiffs committed a crime, and tended to

16   directly injure Plaintiffs' business or professional reputation, or caused by natural consequence

17   actual damages. The statements were made with malice and intent to injure Plaintiffs' business

18   and business reputation. Plaintiffs have requested a correction, and Defendants failed to do so.

19       115.   Defendants' conduct constitutes Slander *Per Se.*

20       116.   As a proximate result thereof, Plaintiffs have suffered injury and damage to their

21   business, goodwill, and personal reputation in an amount to conform to proof at trial, but in no

22   event less than the jurisdictional minimum of this Court.

23   **ELEVENTH CAUSE OF ACTION**<br>*Trade Libel*

24

25       117.   Plaintiffs hereby repeat and re-allege each and every allegation contained in

26   paragraphs 1 through the immediately preceding paragraph of this Complaint.

27       118.   Defendants' false and defamatory statements intentionally disparaged one or more

28

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**
- 18 -

1    Plaintiffs and induced others not to deal with one or more Plaintiffs, in violation of California

2    common law.

3    119.    As a proximate result thereof, Plaintiffs have suffered injury and damage to their

4    business, goodwill, and personal reputation in an amount to conform to proof at trial, but in no

5    event less than the jurisdictional minimum of this Court.

### TWELFTH CAUSE OF ACTION
#### *Conversion*

6

7

8    120.    Plaintiffs hereby repeat and re-allege each and every allegation contained in

9    paragraphs 1 through the immediately preceding paragraph of this Complaint.

10   121.    Through Defendants' wrongful acts, Defendants were able to obtain possession of

11   and wrongfully retain Plaintiff AMME's property.

12   122.    As a proximate result thereof, Plaintiff AMME has been damaged in an amount to

13   be proven at trial, but not less than the jurisdictional minimum of this Court.

14   123.    The aforementioned conduct constituted intentional wrongdoing on the part of

15   Defendants of thereby depriving Plaintiff AMME's of property, legal rights or otherwise causing

16   injury and was despicable conduct that subjected AMME to cruel and unjust hardship and

17   conscious disregard of their rights, so as to justify an award of exemplary and punitive damages.

### THIRTEENTH CAUSE OF ACTION
#### *Constructive Trust (Civ. Code §§2223 and 2224)*

18

19

20   124.    Plaintiffs hereby repeat and re-allege each and every allegation contained in

21   paragraphs 1 through the immediately preceding paragraph of this Complaint.

22   125.    Plaintiffs violated their obligations under the confidential or statutory

23   relationships they had with on or more Plaintiffs.

24   126.    Plaintiffs are entitled to and respectfully request the imposition of a constructive

25   trust on the converted property and any resulting income, and an accounting tracing the

26   converted property and any resulting income.

27   / / /

28   / / /

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**
- 19 -

## FOURTEENTH CAUSE OF ACTION
### *Unjust Enrichment*

127.    Plaintiffs hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Complaint.

128.    Defendants by their wrongful conduct reaped substantial profits from the monies belonging to Plaintiff AMME, and in so doing have cause AMME to suffer substantial monetary losses, all of which damages and costs were not only foreseeable but were the intended consequences of Defendants' actions.

129.    Based on the facts alleged herein and as proven at trial, in equity and in good conscience, it would be unconscionable and unjust for Defendants to enrich themselves at the expense of Plaintiff AMME.

130.    As a proximate result thereof, Plaintiff AMME been damaged in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

## FIFTEENTH CAUSE OF ACTION
### *Breach of Director's Duties to Nonprofit Corporation*
### *(N.M.S.A. §§53-8-25.1 et. seq.)*

131.    Plaintiffs hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Complaint.

132.    Defendants Martinez, Briseno and Izquierdo owed NM AMME a duty to serve the best interests of the corporation in good faith with such care as an ordinarily prudent person would use under similar circumstances in a like position, and not to use their positions to enrich themselves.

133.    Defendants Martinez, Briseno and Izquierdo owed NM AMME a duty of loyalty, including the following: (i) the duty to deal with NM AMME in the utmost good faith and fairness; (ii) the duty to use NM AMME's name, reputation, and goodwill for the benefit of NM AMME, not for their own personal gain; and (iii) the duty to disclose all facts material to NM AMME.

134.    Defendants Martinez, Briseno and Izquierdo violated their duties to NM AMME,

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

1   and their failure to perform their duties constituted willful misconduct or recklessness.

2       135.   As a proximate result thereof, Plaintiff NM AMME has been damaged in an

3   amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

4   **SIXTEENTH CAUSE OF ACTION**
*Conspiracy*

5

6       136.   Plaintiffs hereby repeat and re-allege each and every allegation contained in

7   paragraphs 1 through the immediately preceding paragraph of this Complaint.

8       137.   Defendants, and each of them, conspired with one another to commit the wrongful

9   acts alleged in this complaint and committed the acts alleged in this complaint in furtherance of

10  their conspiracy for their own benefit, and all to Plaintiffs' detriment.

11      138.   By reason of Defendants' conspiratorial acts, as alleged above, Defendants, and

12  each of them, are jointly and severally liable for payment of the damages and restitution prayed

13  for in this Complaint.

14  **Relief Requested**

15      WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as

16  follows:

17      a.   For preliminary and permanent injunctive relief, including an Order that

18          Defendants, and each of their, officers, directors, agents, servants, employees,

19          and representatives, and those persons acting in concert or participation with

20          them, or with any of them, be permanently enjoined and restrained from:

21          i.   Using on or in connection with the promotion, advertisement,

22              marketing, sales, offering for sale, or distribution of any goods or

23              services relating to AMME's charitable activities any of Plaintiff's

24              Marks or the Subject Marks, including, without limitation, the terms

25              "Alliance for Multilingual Multicultural Education," "AMME," or any

26              colorable imitations thereof or anything confusingly similar thereto;

27          ii.   Representing by an means whatsoever, directly or indirectly, or doing

28              any other acts or things calculated or likely to cause confusion,

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

mistake, or to deceive the public into believing that Defendants' goods or services are the goods or services of Plaintiffs, or that there is any affiliation or connection between Plaintiffs or their goods and services, and from otherwise unfairly competing with Plaintiffs;

 iii. Registering, using, or transferring any of Plaintiff's Marks or the Subject Marks, including, without limitation, the terms "Alliance for Multilingual Multicultural Education," "AMME," or any colorable imitations thereof or anything confusingly similar thereto; and

 iv. Using any designation incorporating any of Plaintiff's Marks or the Subject Marks, including, without limitation, the terms "Alliance for Multilingual Multicultural Education," "AMME," or any colorable imitations thereof or anything confusingly similar thereto in connection with any activities similar to Plaintiff's charitable and other activities;

b. For an order instructing:

 i. Defendants to serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendants have complied with this injunction, within thirty (30) days after Defendants are served with this Court's injunction issued in this action;

 ii. Defendants to transfer all rights in any of Plaintiff's Marks or the Subject Marks, including, without limitation, the terms "Alliance for Multilingual Multicultural Education," "AMME," or any colorable imitations thereof or anything confusingly similar thereto, and related domain names; and

 iii. The USPTO to deny Defendants' application to register any of Plaintiff's Marks or the Subject Marks, including, without limitation, the terms "Alliance for Multilingual Multicultural Education," "AMME," or any colorable imitations thereof or anything confusingly

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

similar thereto; and

    iv.  Defendants to destroy all infringing trademark uses;

c.  For compensatory damages and consequential damages, including, without limitation, pursuant to Cal. Bus. & Prof. Code §14240;

d.  For punitive damages, and/or extraordinary remedies under 15 U.S.C. §1117;

e.  For treble damages and treble profits pursuant to Cal. Bus. & Prof. Code §14250, and Cal. Civ. Code §3294;

f.  For accounting and disgorgement of profits;

g.  For possession of all converted property, for monies improperly obtained, and for restitution;

h.  For statutory fines under California Unfair Competition Law;

i.  For an equitable lien;

j.  For emotional distress damages;

k.  For general and/or nominal damages according to proof;

l.  For pre-judgment and post-judgment interest;

m.  For attorney's fees and costs, pursuant to, without limitation, the Lanham Act, and Cal. Civ. Code §3426.4; and/or

n.  For such other relief as the Court may deem just and proper.

Dated: January 12, 2011          THE MORALES LAW FIRM


By: _____

DAVID MORALES
560 S. Winchester Blvd., Suite 500
San Jose, CA 95128

ATTORNEYS FOR PLAINTIFFS

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY DEMAND**

Plaintiffs hereby respectfully demand trial by jury.

Dated: January 12, 2011                              THE MORALES LAW FIRM


By: _____
DAVID MORALES
560 S. Winchester Blvd., Suite 500
San Jose, CA 95128

ATTORNEYS FOR PLAINTIFFS

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION**

# Exhibit "A"

**From:**        BARBARA FLORES [bflores@csusb.edu]
**Sent:**        Sunday, June 13, 2010 4:39 PM
**To:**        sixbrisenos
**Subject:**     Re: Moving Forward

**Attachments:**    bflores.vcf



**bflores.vcf (424 B)**

David,

I accept your resignation and I would like it in writing before the end of the business day on Monday, 6/14/10.

We want and welcome the continued participation of NMABE, and we (AMME Board) will respect the dates (May 10-14, 2011; April 24-28, 2012; and April 23-28, 2013).

Since NMABE is a co-host of the Spanish Spelling Bee, our AMME Board needs to deal directly with the Spelling Bee Board and you as the NMABE Spanish Spelling Bee coordinator. Thus, the AMME President and/or AMME's Exec Director will be the ones that will directly work on this project and deal with the NMABE Board and Spelling Bee Board as well. We also will deal directly with any and all publishers who will support our joint efforts.

Also, we will have to close out the AMME account after we reconcile the income from the AMME conference registrations and payments to the Albuquerque Convention Center. This may also include a transfer of funds to a new AMME account.

I also request a full report from Rebecca regarding the status of AMME payments and deposits to date, account balance, pending POs, registration income to date, and the status of payment for her services. Also, the AMME Board will need an accounting summary from you as well. This can be inclusive of Rebecca's summary as well.

I appreciate your continued support for AMME's goals and I value your continued friendship.

Sinceramente,

Barbara

----- Original Message -----
From: sixbrisenos <sixbrisenos@mac.com>
Date: Friday, June 11, 2010 8:04 am
Subject: Re: Moving Forward
To: BARBARA FLORES <bflores@csusb.edu>

> Barbara:
> I have given this some thought and agree with your assessment that I
> am not a good fit for the AMME board.  I will submit my resignation
> from the board with the following conditions:
>
> 1.   That I continue to organize the National Spanish Spelling Bee with
> support from the AMME board.  The NMABE board as a co-host of the
> event is 100% behind this effort and we are well on our way of getting
> this off the ground and in place for the July 9, 2011 date.
> 2.   That the AMME Board respect the New Mexico State Conference dates
> so that we do not conflict.  Beginning in 2011 those dates
> are:  May 10-14, 2011; April 24-28, 2012; and April 23-28, 2013.

1

**AMME, et al. v. Garcia, et al.**                    **Complaint Exhibit "A."**

> If the AMME board wants to work with the NMABE organization then
> those negotiations will have to take place with myself and the NMABE
> Board.  We are prepared to continue to support this national effort.
> You need to also know that we are tied to the Embassy Suites Hotel
>
> I will continue to support AMME through what I do best and that is
> building the state organization that I have been a part of for so many
> years.  I truly have too many irons in the fire and need to cut back
> on what I am committed to so that I can focus on those things that are
> important to me and that I can realistically do.
>
> While I do not agree with everything in your letter, I do agree that
> it is time to move forward and recognize the roles that each of us can
> play in the larger scheme of things.  I am at peace with this decision
> and look forward to serving this great cause in my original capacity
> as Executive Director of NMABE, member of the AMME Executive Council
> and supporter of the AMME organization and its mission.
>
> I hope that we can stay friends and know that you are always welcome
> at my house.
>
> Please let me know if this is something you and the other members of
> the board can live with.
>
> Gracias,
> David
>
>
>
> On Jun 10, 2010, at 09:29 AM, BARBARA FLORES <bflores@csusb.edu>
> wrote:
> Dear David:
>
> This is the draft of my letter to the Board I am preparing to send out
> on Monday along with Sandra's final report. I would like to give you
> the next 48 hours to think this over and spare the Board this decision
> If you do decide to resign, I will understand and not mail this to
> them.
>
> I wish you luck and godspeed in your future ventures. I am sorry this
> did not work out.
>
> Barbara
>

2

**AMME, et al. v. Garcia, et al.**                    **Complaint Exhibit "A."**

# Exhibit "B"

| | |
|---|---|
| **From:** | BARBARA FLORES [bflores@csusb.edu] |
| **Sent:** | Wednesday, July 28, 2010 8:49 PM |
| **To:** | Martinez, Paul E |
| **Cc:** | ielena@utep.edu; csims@unm.edu; qcao009@aol.com |
| **Subject:** | Re: RE: Un dicho en espanola para el momento:  La mejor palabra es la que no se dice. |

**Attachments:**    bflores.vcf



bflores.vcf (424 B)

Dear Paul,

Elena's letter greatly pushed my buttons!  I was left to clean up the aftermath without any help except for Quan and Sandra.  I truly believe in all of us, however as my Dad always said, "actions speak louder than words."

I am only referring to the months after the conference.  You certainly came through throughout our conference, before and during...I truly do not know what others are saying that I said because I have only said how you have been there to help in every way possible.  Why didn't you ask me if this was true?

The only person that asked me a lot of questions was Zaida because she wanted to be the Executive Director and I told her that we already had an interim and plus we didn't have the money to hire anyone.

I personally thank you for all of your efforts regarding the founding of AMME.
It has not been an easy beginning; however, we have to keep moving the agenda forward.

I, too, wish you the BEST.

Barbara

----- Original Message -----
From: "Martinez, Paul E" <pmartinez@nmhu.edu>
Date: Wednesday, July 28, 2010 3:07 pm
Subject: RE: Un dicho en espanola para el momento:  La mejor palabra es la que no se dice.
To: BARBARA FLORES <bflores@csusb.edu>, ielena@utep.edu
Cc: csims@unm.edu, qcao009@aol.com

>
> Barbara,
>
> I don't have any desire or intention of quantifying your vitriol nor
> of responding point by point to your condemnation of me and Elena.  As
> muchas your rage is evident, my email of yesterday was directed at
> Quan and it was merely a request that he ease up on the barbs aimed at
> David, I truly in my heart believe that David has earned more than
> enough cache with AMME that he doesn't have to be constantly maligned
> by Quan in almost every email.
>
> To that end, frankly, I've had enough.  Please accept this as my
> resignation from the AMME Board effective immediately.  As I shared
> withQuan yesterday, none of us, including you Barbara, are without
> blemishas Board members.  This is not reactionary nor is it a function
> of elevated blood pressure as Quan implied yesterday, this is a
> decision that I have given much thought to.  I truly believed that
> AMME would be different or at least the governance of the organization
> internally would comport itself differently. Please remove any
> reference to me as a part of AMME from the website.

1

**AMME, et al. v. Garcia, et al.**                **Complaint Exhibit "B."**

```
>
> I close by urging you to discontinue maligning me even in small
> groups.I've heard from several of our colleagues who we hold in common
> that you have issues with me and your email of today makes that
> painfully evident.  Remember Barbara that our bilingual community es
> mundo chico,you and I share friends and colleagues across the country
> and it serves very little purpose except to bring divisiveness to our
> work and missionto continue to air your concerns.  You have my
> commitment to do the same.
>
> I wish you and Quan well as you move the organization forward and
> again,take the dicho above to heart, la major palabra es la que no se
> dice.
>
> All best,
> Paul Martinez
>
```

# Exhibit "C"

Welcome to AMME

# AMME

## ALLIANCE FOR MULTILINGUAL MULTICULTURAL EDUCATION

| HOME | ABOUT AMME | EXECUTIVE BOARD | RECENT EVENT | ESEA | CONTACT US |

Home

**AMME 2011 2nd Annual Conference - April 6-8**

*Nuestro Pueblo Unido: Keeping the Dream Alive!*

## Welcome to AMME

Dedicated to bringing fundamental change in language education policy and practice for students in our nation, **AMME** promotes standards of professional excellence in the education of linguistically and culturally diverse populations.

**AMME's** national leaders and founders represent grassroots work at the local and state levels regarding civil rights, equal opportunities, and educational equity in providing policies and best practices representing Bilingual/ELL students across our nation. The transformation of schools requires comprehensive systemic approaches and elements in order to close the achievement gaps. We need to insure that policies, practices and pedagogy respond to our nation's demographic and global economic imperative. **More...**

http://www.ammeglobe.com/main/

1/5/2011

**AMME, et al. v. Garcia, et al.**

**Complaint Exhibit "C."**

Welcome to AMME

AMME held its first conference in Albuquerque in April 2010. More...

## AMME 2011 Nuestro Pueblo Unido: Keeping the Dream Alive!

Registration List

**Conference Agenda**       Sponsor Brochure    Exhibitor Brochure

Conference Agenda

**AMME, et al. v. Garcia, et al.**

AMME PARTNERS & SUPPORTERS

cabe
California Association for Bilingual Education

Imagine Learning


Renaissance Learning
Advanced Technology for Data Driven Schools.

**Complaint Exhibit "C."**

Welcome to AMME



















THE BUENO CENTER
for multicultural education

NATIONAL GEOGRAPHIC

School Publishing

Hampton-Brown

istation

Technology Transforming Education

Copyright © 2011 .:: AMME ::. All Rights Reserved.

**AMME, et al. v. Garcia, et al.**

**Complaint Exhibit "C."**



**Alliance for Multilingual Multicultural Education**
**&**
**San Antonio Area Association for Bilingual Education**

http://www.AMMEGLOBE.com

# *Nuestro Pueblo Unido:* Keeping the Dream Alive!

## A Multilingual, Multicultural Education Conference



# April 6 - 8, 2011

## Hyatt Regency Hotel
## San Antonio, Texas
### *http://www.AMMEGLOBE.com*





### CONFERENCE PURPOSE:

To provide current theory, practice and discussion in order to enhance and expand the knowledge base and experience of educators developing and implementing multilingual and multicultural programs.

| FEATURED SPEAKERS | | CONFERENCE STRANDS |
|---|---|---|
| • Elena Izquierdo | • Michael Guerrero | Language Policy |
| • Kathy Escamilla | • Robin Farup-Romero | Dual Language Education |
| • Iris Ornelas | • Paul Martínez | Community Involvement |
| • Martha Pacheco | • James Lyons | Native American Programs |
| • Kathryn Lindholm | • Leonard Baca | Leadership |
| • Kate Kinsella | • Zaida Cintrón | Second Language Learner Instruction |
| • David Briseño | • Manuel Ornelas | Early Childhood Education |
| • Rodolfo Chávez | • David Rogers | |
| • Delia Pompa | • Jorge García | |
| | • Evelyn Chávez | |

### Partners of the Alliance of Multilingual Multicultural Education

• *Equity Center  *  IDRA  *  Hispano Chamber of Commerce San Antonio  *  National Council for La Raza*
    *  *IIAME  * Oregon?  * East Central ISD  *

      

**AMME, et al. v. Garcia, et al.**                    **Complaint Exhibit "C."**

Stay at conference headquarters, the *Hyatt Regency San Antonio Riverwalk*

http://www.sanantonioregency.hyatt.com/hyatt/hotels/index.jsp?null







**Special Conference Rate:**
**$154.00**

*Single/Double*

# HYATT
**Hyatt Regency San Antonio**
123 Losoya
San Antonio, TX 78205
(800) 633-7313, Local: (210) 222-1234
http://www.sanantonioregency.hyatt.com/hyatt/hotels/index.jsp?null

| Single/Double Rate |
| --- |
| 154.00 |



## CONFERENCE OVERVIEW

**Wednesday, April 6, 2011**

| | |
| --- | --- |
| 5:30 p.m. – 7:00 p.m. | Opening Session |
| 7:00 p.m. – 8:30 p.m. | Opening Reception |
| 7:00 p.m. – 9:00 p.m. | Exhibitors (Grand Opening) |

**Thursday, April 7, 2011**

| | |
| --- | --- |
| 7:00 a.m. – 10:30 a.m. | Check-In |
| 7:30 a.m. – 5:00 p.m. | Exhibits |
| 8:30 a.m. – 9:45 a.m. | Opening Session |
| 10:00 a.m. – 5:00 p.m. | Concurrent Sessions |
| 11:30 a.m. – 1:00 p.m. | Celebration Lunch (included) |

**Friday, April 8, 2011**

| | |
| --- | --- |
| 7:30 a.m. – 8:30 a.m. | Check-In |
| 7:30 a.m. – 4:30 p.m. | Exhibits |
| 8:15 a.m. – 9:30 a.m. | Opening Session |
| 9:45 a.m. – 5:00 p.m. | Concurrent Sessions |

**Lunch is on your own**

| | |
| --- | --- |
| 5:15 p.m. – 6:30 p.m. | Closing |

*http://www.AMMEGLOBE.com*



## AMME
Alliance for Multilingual Multicultural Education

**Reservations accepted beginning January 1, 2011**

AMME, et al. v. Garcia, et al.                    **Complaint Exhibit "C."**

Case 4:11-cv-00215-PJH   Document 1   Filed 01/14/11   Page 37 of 45

About Us

# AMME

## ALLIANCE FOR MULTILINGUAL MULTICULTURAL EDUCATION

HOME   ABOUT AMME   EXECUTIVE BOARD   RECENT EVENT   ESEA   CONTACT US

〈  Home  ›  About AMME



**AMME 2011 2nd Annual Conference - April 6-8**
*Nuestro Pueblo Unido. Keeping the Dream Alive!*

**AMME** is dedicated to bringing fundamental change in language education policy and practice for students in our nation. **AMME** promotes standards of professional excellence in the education of linguistically and culturally diverse populations.

**AMME** is diligent in its advocacy. It partners with other organizations to actively promote educational excellence and equity for English language learners and their families. **AMME** strives to cultivate a multilingual multicultural society by supporting and promoting policy, programs, pedagogy, research, and professional development that value native languages, lead to English and academic proficiency, and prepare our nation's students for the global economy. Throughout the reauthorization of the Elementary and Secondary Education Act, **AMME** has been an active voice regarding policy recommendations, leadership essentials, teacher quality, professional development, the use of multiple assessments, literacy/biliteracy, and effective schooling practices across the curriculum, especially regarding bilingual/multilingual education.

**AMME, et al. v. Garcia, et al.**

**Complaint Exhibit "C."**

http://www.ammeglobe.com/main/index.php?option=com_content&view=article&id=43&Itemid=27

1/5/2011

## About Us

**AMME's** national leaders and founders represent grassroots work at the local and state levels regarding civil rights, equal opportunities, and educational equity in providing policies and best practices representing Bilingual/ELL students across our nation. The transformation of schools requires comprehensive systemic approaches and elements in order to close the achievement gaps. We need to insure that policies, practices and pedagogy respond to our nation's demographic and global economic imperative.

*The Alliance for Multilingual, Multicultural Education [AMME] is a national non-profit advocacy and professional organization dedicated to bringing about fundamental change in U.S. language education policy and practice in responding to the demographic and global economic*

## HOPE FOR THE FUTURE

There are schools scattered across the U.S. – public, charter, and private – where children are mastering at least one language in addition to English, and there are school districts which are constructing multilingual education programs for students at all grade levels. A substantial number of these programs enroll both native-English speakers and speakers of the second language of instruction who learn from each other as well as from the teacher(s). The programs succeed in producing students who are proficient and literate in at least two languages. The results of these programs in terms of student achievement and parental involvement are exceptional!

The United States must advance beyond the goal of universal literacy in one language in its education policy. By investing in our children's bilingual/multilingual education, we are investing in our nation's global economic well being. By becoming multilingual we not only develop intercultural understandings, but we also show by example that we respect and can effectively cross cultural and linguistic borders.

**AMME, et al. v. Garcia, et al.**

**Complaint Exhibit "C."**

About Us



*AMME founders are nationally-recognized leaders in the field of language development and effective schooling for linguistically and culturally diverse populations.*

*All of AMME's founders have led national organizations with similar interests and all agree that the time for change is now."*

AMME Mission three-fold

Copyright © 2011 .:: AMME ::. All Rights Reserved.

**AMME, et al. v. Garcia, et al.**

**Complaint Exhibit "C."**

# Exhibit "D"



Welcome Guest

My Account    Login    Sign Up

| Domains | Hosting | Email | Website Builder | Digital Certificates | Support | Resellers |

Home    My Account    Register Domain    Transfer Domain    Support    Contact Us    Whois    Knowledge Base    Hot Deals!!!

## Whois Search Results

### Domain Name : ammeglobe.com

Legal Stuff:

The information in DreamHost's whois database is to be used for informational purposes only, and to obtain information on a domain name registration. DreamHost does not guarantee its accuracy.

You are not authorized to query or access DreamHost's whois database using high-volume, automated means without written permission from DreamHost.

You are not authorized to query or access DreamHost's whois database in order to facilitate illegal activities, or to facilitate the use of unsolicited bulk email, telephone, or facsimile communications.

You are not authorized to collect, repackage, or redistribute the information in DreamHost's whois database.

DreamHost may, at its sole discretion, restrict your access to the whois database at any time, with or without notice. DreamHost may modify these Terms of Service at any time, with or without notice.

++++++++++++++++++++++++++++++++++++++++++++++++

Domain Name: ammeglobe.com

Registrant Contact:

ammeglobe.com Private Registrant    ammeglobe.com@proxy.dreamhost.com
A Happy DreamHost Customer
417 Associated Rd #324
Brea, CA 92821
US
+1.2139471032

Administrative Contact:

ammeglobe.com Private Registrant    ammeglobe.com@proxy.dreamhost.com
A Happy DreamHost Customer
417 Associated Rd #324
Brea, CA 92821
US
+1.2139471032

Technical Contact:

ammeglobe.com Private Registrant    ammeglobe.com@proxy.dreamhost.com
A Happy DreamHost Customer
417 Associated Rd #324

**Quick Links**

Register New
Transfer
Bulk Register
Bulk Transfer
Name Suggestion Tool
Price List
FREE Services

**Hot Deals!!!**

.CO.IN, NET.IN, ORG.IN, GEN.IN, FIRM.IN, IND.IN **SALE!** USD 3.88

.MOBI **SALE!** USD 9.88

.IN **SALE!** USD 3.88

.EU **SALE!** USD 5.88

.ASIA **SALE!** USD 6.88

.CN.COM **SALE!** USD 11.88

**Web/Email Hosting**

Linux Hosting Plans
Windows Hosting Plans
Email-only Plans

**Digital Certificates**

View Plans
Features
Compare Plans

**AMME, et al. v. Garcia, et al.**

**Complaint Exhibit "D."**

http://domains.whois.com/domain.php    1/4/2011

Brea, CA 92821
US
+1.2139471032

Billing Contact:

ammeglobe.com Private Registrant ammeglobe.com@proxy.dreamhost.com
A Happy DreamHost Customer
417 Associated Rd #324
Brea, CA 92821
US
+1.2139471032

Record created on 2010-08-09 13:09:28.
Record expires on 2011-08-09 13:09:28.

Domain servers in listed order:

ns1.dreamhost.com
ns2.dreamhost.com
ns3.dreamhost.com
DreamHost whois server terms of service: http://whois.dreamhost.com/terms.html

Get a 14-day free trial of unlimited everything from DreamHost Web Hosting.
Includes A FREE domain registration! http://www.dreamhost.com/
Use promotional code "WHOIS" for an additional $50 off any plan!

**Search the WHOIS Database**

Domain Name *
EXAMPLE: somedomain.com

Security Key *
68299

Please insert the security key from the image above into the box below. This key is used to verify that this page is not accessed by any automated processes.

Search

Copyright © Whois.com Pte Ltd. All Rights Reserved.

http://domains.whois.com/domain.php         1/4/2011

**AMME, et al. v. Garcia, et al.**         **Complaint Exhibit "D."**

# Exhibit "E"

About Us

# AMME

## ALLIANCE FOR MULTILINGUAL MULTICULTURAL EDUCATION

HOME | | EXECUTIVE BOARD | REGISTMENT | TSA | CONTACTS |



## AMME'S IDENTITY STOLEN

of linguistically and culturally diverse populations.

**AMME** is diligent in its advocacy. It partners with other organizations to actively promote educational excellence and equity for English language learners and their families. **AMME** strives to cultivate a multilingual multicultural society by supporting and promoting policy, programs, pedagogy, research, and professional development that value native languages, lead to English and academic proficiency, and prepare our nation's students for the global economy.

Throughout the reauthorization of the Elementary and Secondary Education Act, **AMME** has been an active voice regarding policy recommendations, leadership essentials, teacher quality, professional development, the use of multiple assessments, literacy/biliteracy, and effective schooling practices across the curriculum, especially regarding bilingual/multilingual education.

**AMME's** national leaders and founders represent grassroots work at the local and state levels regarding civil rights, equal opportunities, and educational equity in providing policies and best practices representing Bilingual/ELL students across our nation. The transformation of schools requires comprehensive systemic approaches and elements in order to close the achievement gaps. We need to insure that policies, practices and pedagogy respond to our nation's demographic and global economic imperative.

**AMME, et al. v. Garcia, et al.**

**Complaint Exhibit "E."**



# AMME
### Alliance for Multilingual Multicultural Education

The Alliance for Multilingual Multicultural Education (AMME) was established in 2008 and incorporated as a nonprofit corporation in the state of New Mexico in 2009.

**AMME** is dedicated to bringing about fundamental change in language education policy and practice for students in our nation. **AMME** promotes standards of professional excellence in the education of linguistically and culturally diverse populations. **AMME** is diligent in its advocacy, and partners with other organizations to actively promote educational excellence and equity for emerging bilingual students and their families to cultivate a multilingual multicultural society by supporting and promoting policy, programs, pedagogy, research, and professional development that value native language, lead to academic and English proficiency, and prepare our nation's students for the global economy.

**AMME's** Mission is to transform the policy and practice of language education and academic achievement for Bilingual and English learners in U.S. schools; to advance equal educational access and opportunities; and to raise U.S. standards for language education to the level of the rest of the world.

We believe that the work you do and the work that we do is complimentary. We would like to work with you, as allies, in our mutual efforts for the benefit of our shared constituencies. Your past support has been essential in helping us extend our efforts and your future support is even more critical in the days to come. We would like not only to continue our alliance but also to strengthen it. We look forward to hearing from you in the near future. Feel free to contact any of the current **AMME** Board members with questions, comments, or suggestions.

**Original AMME Founders, AMME Affiliates, and AMME Supporters continue working on our Mission together and AMME, as an organization, continues to forge new alliances.**

There is, however, a new development that is causing confusion in the field and with some of our Allies. A new organization has been incorporated in the state of Florida. They are calling themselves the Alliance for Multilingual Multicultural Education, Inc. They were formed in the fall of 2010. What is leading to even more confusion is that the leader of that organization was also one of the founders of the original AMME, Barbara Flores. The new organization is using many of the same concepts, ideas, words, etc. of the original AMME and this is leading to additional confusion. Please be assured that all of the rest of the founders and Affiliates of the original AMME continue to be committed to our mission. The original AMME's only issues with the new organization involve the legalities around name infringement and the inappropriate use of proprietary intellectual property. We are working through legal channels to get those resolved. In the meantime we want to make sure that you know that the original AMME is more committed than ever to our work and we continue to gain support from individuals and organizations across the country. We hope that the distraction caused by the new AMME will not deter you from continuing to support the original AMME.

**You will know that you are dealing with the original AMME when you see the New Mexico address, the same address that we have had since we were established in 2008.**

**1112 Plaza del Norte, Española, NM 87532**

**AMME, et al. v. Garcia, et al.**                                 **Complaint Exhibit "E."**